UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

June 12, 2025

LETTER TO ALL COUNSEL OF RECORD

Re: *Jack B. v. Frank Bisignano, Commissioner, Social Security Administration* [1]
   Civil No. 23-0998-CDA

Dear Counsel:

On June 13, 2024, pursuant to Local Rule 105.10, Plaintiff Jack B. ("Plaintiff") filed a Motion to Reconsider (the "Motion") relating to the Court's May 29, 2024 Memorandum Opinion and Order (the "May 29, 2024 Decision"), which affirmed the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") decision and closed this case. ECF 16. Defendant filed a response in opposition on June 25, 2024. ECF 18. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons explained below, the Court will DENY Defendant's Motion to Reconsider.

I. **LEGAL STANDARD**

The Court's review of an ALJ's decision is limited to determining whether substantial evidence supports the ALJ's findings, *see* 42 U.S.C. § 405(g), and whether the ALJ properly applied the relevant legal standards, *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). When deciding whether to reconsider a judgment under Local Rule 105.10, the Court uses the standard relevant to motions for reconsideration brought under Federal Rule of Civil Procedure 59(e). *See Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018). Under Rule 59(e), the Court may alter or amend a prior decision if: (1) there has been an intervening change of controlling law; (2) new evidence has become available; or (3) "there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010). "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to ask the Court to rethink what the Court had already thought through—rightly or wrongly." *Crocetti*, 2018 WL 3973074, at *1 (internal citation omitted). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on April 13, 2023. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (collecting cases).

## II.     ANALYSIS

Plaintiff asserts two arguments. First, Plaintiff relies on *Elijah H. v. O'Malley*, No. SAG-23-1786, 2024 WL 1833608 (D. Md. Apr. 26, 2024), to argue that "there is no evidence that the ALJ explicitly based the RFC provisions on any opinions contained in the record." ECF 16, at 4-5 n.6. Second, Plaintiff relies on *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981), to argue that the Court's conclusion was "legally erroneous" when it found that "Plaintiff [did] not me[e]t their burden of proof" of showing that "the ALJ's failure to provide a narrative discussion explaining the RFC's accommodation of Plaintiff's CPP limitations" or to include "RFC provisions . . . in lieu of the provision at issue" was harmful error. *Id.* at 2, 4. Defendant counters that Plaintiff (1) fails to demonstrate a clear error of law and (2) "improperly attempts to relitigate the issue . . . previously decided[.]" ECF 18, at 1, 4. Because neither argument involves intervening law or new evidence, Plaintiff's challenges raise questions concerning clear error. Neither clears that hurdle.

Plaintiff's reliance on *Elijah H.* is misplaced. In *Elijah H.*, the Court concluded that "the ALJ . . . fail[ed] to explain how the evidence specifically supported the RFC[] provisions regarding [p]laintiff's moderate CPP limitation." 2024 WL 1833608, at *4. Notably, not only did the ALJ make "only one mention throughout their decision regarding . . . [a] restriction for [p]laintiff's moderate CPP limitation" in the RFC provisions, but, as Plaintiff noted, the ALJ also failed to "explicitly base [the] RFC provisions on any opinions contained in the record." *Elijah H.*, 2024 WL 1833608, at *4; *cf. Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017) (affirming an ALJ's decision where: (1) the ALJ adopted, without explanation, certain RFC limitations suggested in a medical opinion that provided "detailed findings" on a claimant's "sustained concentration and persistence limitations" and (2) the ALJ assigned persuasive value to the opinion). In fact, the ALJ in *Elijah H.* did not assign persuasive value to any of the medical opinions opining the claimant's moderate CPP limitation. Transcript of Record at 23-24, *Elijah H.*, No. SAG-23-1786 (D. Md. Sept. 5, 2023), ECF 6. As a result, the Court concluded that meaningful review could not occur and, accordingly, remand was appropriate. *Elijah H.*, 2024 WL 1833608, at *4; *see DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial Review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ]."). In contrast, unlike in *Elijah H.*, the ALJ here assigned persuasive value to two medical opinions opining Plaintiff's moderate CPP limitation. ECF 15, at 6 (explaining that "the opinions of Drs. Ewell and Cott provided substantial support for the RFC [provisions,] . . . and the ALJ's adoption of such [opinions] permit[ted] meaningful review"). Therefore, unlike in *Elijah H.*, the Court concluded that meaningful review could occur. As a result, because Plaintiff "ask[s] th[is] Court to rethink what [it] had already thought through[,]" the Court finds that it did not commit a clear error of law on this basis in the May 29, 2024 Decision. *Crocetti*, 2018 WL 3973074, at *1.

Plaintiff's reliance on *Hall* also fails. Plaintiff cites *Hall* for the proposition that "[b]y satisfying either step 3 or 4, [Plaintiff] establishes a prima facie case of disability." 658 F.2d at

264. However, Plaintiff misconstrues the proper context for applying *Hall*'s analysis. The language Plaintiff challenges in the May 29, 2024 Decision arises in the Court's discussion of whether the ALJ's determination involved harmful error. The context was not one of proving disability. Put simply, the May 29, 2024 Decision explained that Plaintiff failed to suggest how, absent ALJ error, the RFC might have better accommodated her impairments. Nor did she identify further evidence, which had not been considered, suggesting that an additional RFC limitation was appropriate. As such, it remained Plaintiff's burden to articulate why the ALJ's error warranted remand. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency determination."); *see also Smith v. Colvin*, No. TMD-15-1694, 2016 WL 5147195, at *10 (D. Md. Sep. 20, 2016) (finding harmless error where the claimant failed to demonstrate how the result would have changed had the ALJ properly addressed the claimant's cognitive difficulties in the RFC analysis); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (finding that the claimant bears the burden of production and of proof during the first four steps of the inquiry). As a result, the Court finds that it did not commit a clear error of law on this basis in the May 29, 2024 Decision.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Reconsider, ECF 16, is DENIED. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion and docketed as an Order.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge